Slip Op. 20-18

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHANDONG JINXIANG ZHENGYANG IMPORT & EXPORT CO., LTD. AND JINING SHUNCHANG IMPORT & EXPORT CO. LTD., <br><br> Plaintiffs, <br><br> and <br><br> QINGDAO SEA-LINE INTERNATIONAL TRADING CO., LTD. AND SHENZHEN BAINONG CO., LTD., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> FRESH GARLIC PRODUCERS ASSOCIATION, ET AL., <br><br> Defendant-Intervenors. | Before: Mark A. Barnett, Judge <br> Court No. 18-00156 |

## <u>OPINION</u>

[Denying Plaintiffs' motion for judgment on the agency record.]

Dated: February 11, 2020

<u>John J. Kenkel</u>, <u>J. Kevin Horgan</u>, <u>Gregory S. Menegaz</u>, and <u>Alexandra H. Salzman</u>, deKieffer & Horgan, of Washington, DC, for Plaintiffs Shandong Jinxiang Zhengyang Import & Export Co., Ltd. and Jining Shunchang Import & Export Co. Ltd.  With them on the brief was <u>Judith L. Holdsworth</u>.

Irene H. Chen, Chen Law Group LLC, of Rockville, MD, for Plaintiff-Intervenor Qingdao Sea-Line International Trading Co., Ltd.

Meen Geu Oh, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States.  With him on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director.  Of counsel on the brief was Emma T. Hunter, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, DC.

Michael J. Coursey, John M. Herrmann, and Joshua R. Morey, Kelley Drye & Warren LLP, of Washington, DC, for Defendant Intervenors Fresh Garlic Producers Association, Christopher Ranch L.L.C., The Garlic Company, Valley Garlic, and Vessey and Co., Inc.

Barnett, Judge:  Plaintiffs Shandong Jinxiang Zhengyang Import & Export Co., Ltd. and Jining Shunchang Import & Export Co. Ltd. (together, "Zhengyang") commenced this action to challenge certain aspects of the U.S. Department of Commerce's ("Commerce" or "the agency") final results and partial rescission of the twenty-second administrative review ("AR22") of the antidumping duty order on fresh garlic from the People's Republic of China ("China").  *See* Summons, ECF No. 1; Compl. ECF No. 6; *Fresh Garlic From the People's Republic of China*, 83 Fed. Reg. 27,949 (Dep't Commerce June 15, 2018) (final results and partial rescission of the 22nd antidumping duty admin. review and final result and rescission, in part, of the new shipper reviews; 2015–2016) ("*Final Results*").  Qingdao Sea-Line International Trading Co., Ltd. ("Sea-Line") and Shenzhen Bainong Co., Ltd. timely intervened as Plaintiff-Intervenors in this case.  Order (July 25, 2018), ECF No. 23; Order (July 31, 2018), ECF No. 29.[1]  Fresh Garlic Producers Association and its individual members (collectively,

---

[1] Shenzhen Bainong Co., Ltd. did not participate further in this case.

"the FGPA") timely intervened as Defendant-Intervenors.  Order (July 13, 2018), ECF

No. 15.  Thereafter, the court consolidated this action under lead Court No. 18-00137,

which also addresses a challenge to the *Final Results*.  Order (July 31, 2018), ECF No.

31.  Upon subsequent review, however, in accordance with U.S. Court of International

Trade Rule 21 and following consideration of the relevant factors, the court severed this

action from lead Court No. 18-00137.  Order (Feb. 10, 2020), ECF No. 32.[2]

      This matter is now before the court on Zhengyang's motion for judgment on the

agency record pursuant to USCIT Rule 56.2.[3]  Consol. Pls. [Zhengyang's] Rule 56.2

Mot. For J. Upon the Agency R., ECF No. 32, and Consol. Pls. [Zhengyang's] Mem. in

Supp. of Mot. For J. ("Zhengyang's Mem."), ECF No. 32-1; Reply by Consol. Pls.

[Zhengyang], to the Resps. by the United States and Def.-Ints. in Opp'n to Consol. Pl.'s

Rule 56.2 Mot. For J. Upon the Admin. R. ("Zhengyang's Reply"), ECF No. 53; *see also*

Pl.-Int. [Sea-Line's] Br. in Supp. of Consol. Pls. [Zhengyang] Rule 56.2 Mot. For J.

("Sea-Line's Br."), ECF No. 33; Pl.-Int. [Sea-Line's] Br. in Supp. of Reply by Consol. Pls.

[Zhengyang], to the Resps. by the United States and Def.-Ints. in Opp'n to Consol. Pl.'s

---

[2] Following consolidation, the parties and the court docketed all relevant filings in the lead action.  Thus, hereinafter, citations to filings in CM/ECF refer to documents filed in *Coalition for Fair Trade in Garlic, et al. v. United States, et al.*, Court No. 18-cv-00137.

[3] The administrative record for this case is divided into a Public Administrative Record ("PR"), ECF No. 24-4, and a Confidential Administrative Record, ECF Nos. 24-5, 24-6.  Parties submitted joint appendices containing record documents cited in their briefs. See Public J.A. ("PJA"), ECF Nos. 61 (Vol. I), 62 (Vol. II), 63 (Vol. III), 64 (Vol. IV), 65 (Vol. V); Confidential J.A., ECF No. 66.

Rule 56.2 Mot. For J. Upon the Admin. R., ECF No. 54.[4]  Zhengyang contests

Commerce's (1) rejection of its case brief from the record of the administrative review;

(2) selection of Romania over Mexico as the primary surrogate country for valuing its

factors of production; and (3) selection of Romanian data to value its garlic bulbs.

Zhengyang's Mem. at 11–47.  Defendant United States ("the Government") and the

FGPA argue, in supplemental briefing, that Zhengyang failed to exhaust its

administrative remedies with respect to its arguments concerning surrogate country and

surrogate value selection and, thus, the court should not reach the merits of those

arguments.  Def.'s Suppl. Br. in Resp. to the Court's Aug. 30, 2019 Request for Further

Briefing from the Parties ("Gov't's Suppl. Br."), ECF No. 91; FGPA's Suppl. Resp. Br.

("FGPA's Suppl. Br."), ECF No. 94.[5]

   For the reasons discussed herein, the court finds that Zhengyang failed to

exhaust its administrative remedies with respect to all arguments it seeks to present to

---

[4] Sea-Line adopts Zhengyang's arguments and does not present additional substantive arguments.  Sea-Line's Br. at 1.  Accordingly, the court does not reference Sea-Line's filings.

[5] The Government initially urged the court to sustain the *Final Results* on the merits. Def.'s Corrected Resp. in Opp'n to Pl.'s, Consol. Pls.', and Pl.-Ints' Rule 56.2 Mots. For J. on the Agency R. ("Gov't's Resp.") at 10–27, ECF No. 74.  The FGPA argued that Zhengyang failed to exhaust its administrative remedies and, alternatively, that the court should sustain the *Final Results* on the merits.  [FGPA's] Resp. in Opp'n to Pls.' Mot. For J. on the Agency R. at 5–18, ECF No. 47.  The court ordered additional briefing on whether Commerce's rejection of Zhengyang's case brief means that Zhengyang failed to exhaust its administrative remedies with respect to the arguments it has presented to the court.  Order (Aug. 30, 2019), ECF No. 86.  Parties timely responded to the Order. *See* Def.'s Suppl. Br.; FGPA's Suppl. Br.; Consol.-Pl. Jingxiang Zhengyang Imp. & Exp. Co., Ltd.'s Suppl. Br. in Resp. to the Court's Request for Suppl. Briefing of Aug. 30, 2019 ("Zhengyang's Suppl. Br."), ECF No. 95.

the court.  Thus, the court denies Zhengyang's and Sea-Line's motions for judgment on the agency record.

BACKGROUND

In 1994, Commerce issued an order imposing antidumping duties on fresh garlic from China.  *See Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994) ("*AD Order*").  On November 4, 2016, Commerce published a notice informing interested parties of the opportunity to request an administrative review of the *AD Order* for the period of review ("POR") November 1, 2015, through October 31, 2016.  *Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity to Request Admin. Review*, 81 Fed. Reg. 76,920 (Dep't Commerce Nov. 4, 2016), PR 2, PJA Vol. I. Zhengyang requested to be included in the review.  Request for Review (Nov. 9, 2016), PR 4, PJA Vol. I.  Zhengzhou Harmoni Spice Co., Ltd ("Harmoni"), the FGPA, and the Coalition for Fair Trade in Garlic ("the CFTG") each requested a review of Harmoni. *See* Request for Admin. Review of the Antidumping Duty Order on Fresh Garlic from the People's Republic of China (Nov. 7, 2016), PR 1, PJA Vol. I; CFTG's Request for 22nd Antidumping Admin. Review of Fresh Garlic from the People's Republic of China (Nov. 28, 2016), PR 8, PJA Vol. I; Pet'rs' Requests for Admin. Review (Nov. 30, 2016), PR 12, PJA Vol. I.

On January 13, 2017, Commerce initiated AR22.  *See Initiation of Antidumping and Countervailing Duty Admin. Reviews*, 82 Fed. Reg. 4,294, 4,296–97 (Dep't Commerce Jan. 13, 2017), PR 22, PJA Vol. I.  The review covered 35 exporters and

producers.  Selection of Respondents for Individual Examination (Mar. 7, 2017) at 3, PR

82, PJA Vol. I.  After finding that it would be impracticable to review every named

exporter or producer, Commerce selected Zhengyang and Harmoni—"the two

exporters/producers with the largest volume of imports during the POR"—as mandatory

respondents in the review.  *Id*. at 4.  After Commerce initiated AR22 but before it

published its preliminary results, Harmoni and the FGPA withdrew their requests for a

review of Harmoni.  Harmoni Withdrawal of Review Request (Apr. 13, 2017), PR 123,

PJA Vol. I; Pet'rs' Withdrawal of Certain Requests for Admin. Review (Apr. 13, 2017) at

2, PR 124, PJA Vol. I.

On May 12, 2017, Zhengyang submitted surrogate country and surrogate value

comments for Commerce's consideration.  *See* Surrogate Country Comments and

Surrogate Values for the Prelim. Results (May 12, 2017) ("Zhengyang's SC/SV Cmts.")

at 1–2, PR 173–178, PJA Vols. II–III.  As part of its submission, Zhengyang provided

information regarding garlic grown in Mexico.  *Id*. at 2, Ex. SV-6.  The information

consisted of two articles in English[6] and several more in Spanish accompanied by

English translations.  *See id.*, Ex. SV-6.  The translations, at least some of which were

prepared using an online translation generator, suffered from errors that rendered them

substantially illegible.  *See id.*, Ex. SV-6 (ECF No. 62 at ECF pp. 587–97, 607–15, 627–

37; ECF No. 63 at ECF pp. 74–113, 145–77, 187–95, 210–27).

_____

[6] One of those articles, "Garlic Productivity and Profitability as Affected by Seed Clove
Size, Planting Density and Planting Method," was included twice.  *See* Zhengyang's
SC/SV Cmts., Ex. SV-6 (ECF No. 62 at ECF pp. 569, 638).

On June 28, 2017, Commerce aligned concurrent new shipper reviews associated with the *AD Order* with AR22.  Decision Mem. for the Prelim. Results., Prelim. Rescission, and Final Rescission, in Part, of the 2015–2016 Antidumping Duty Admin. Review and Prelim. Results of the New Shipper Reviews (Nov. 28, 2017) ("Prelim. Mem.") at 6 & n.42, PR 315, PJA Vol. IV (citation omitted).[7]

Commerce published its preliminary results on December 7, 2017.  *Fresh Garlic From the People's Republic of China*, 82 Fed. Reg. 57,718 (Dep't Commerce Dec. 7, 2017) (prelim. results, prelim. rescission, and final rescission, in part, of the 22nd antidumping duty admin. review and prelim. results of the new shipper reviews; 2015–2016) ("*Prelim. Results*").  Commerce "preliminarily rescind[ed] the review with respect to seven companies," including Harmoni.[8]  Prelim. Mem. at 7 & n.48.  Additionally, Commerce preliminarily selected Romania as the primary surrogate country.  *Id*. at 32.  Commerce concluded that although Mexico and Romania were both economically comparable to China and significant producers of comparable merchandise, *id*. at 24–28, the quality of the available data favored selecting Romania, *id.* at 28, 31–32.  Commerce selected data from the National Institute of Statistics of Romania ("NISR") to

---

[7] Commerce had initiated new shipper reviews in accordance with requests from Qingdao Joinseafoods Co. Ltd., Join Food Ingredient Inc., and Zhengzhou Yudi Shengjin Agricultural Trade Co. Ltd. ("Yudi").  Prelim. Mem. at 1, 5.

[8] Commerce determined that the CFTG's review request was invalid *ab initio* and, thus, rescinded the review with respect to companies for which another valid review request was not made or maintained.  Prelim. Mem. at 7–13.  Commerce's treatment of the CFTG's review request is the subject of the complaint filed in *Coalition for Fair Trade in Garlic, et al. v. United States, et al.*, Court No. 18-cv-00137.  Any reference to that proceeding or the review of Harmoni is without prejudice to the court's resolution of the motion for judgment on the agency record pending in that case.

value Zhengyang's garlic bulbs.  *Id*. at 38.  Commerce preliminarily calculated a weighted-average dumping margin for Zhengyang in the amount of 2.69 percent. *Prelim. Results*, 82 Fed. Reg. at 57,719.

On April 25, 2018, Zhengyang filed its administrative case brief.  Case Br. (Apr. 25, 2018), PR 419, PJA Vol. V.   Zhengyang's case brief contained tables that Zhengyang claims were excerpted for Commerce's convenience from earlier filed articles.  *Id.* at 18–21.  Commerce subsequently rejected the case brief on the basis that it contained "untimely new factual information" that "re-translates and revises information originally in Spanish and submitted to Commerce on May 12, 2017." Request for Removal of Untimely New Factual Information (May 15, 2018) ("1st Rejection Mem."), PR 429, PJA Vol. V.  Commerce permitted Zhengyang to submit a revised case brief by May 17, 2018.  *Id.*  Commerce directed Zhengyang to resubmit its case brief "without new factual information" or "modified, re-translated, or reorganized exhibits/tables with new headings or titles."  *Id.*

Zhengyang timely submitted a revised case brief that "conformed certain English translations to those in the original documents on the record," Revised Case Br. (May 17, 2018) ("Rev. Case Br.") at cover page, PR 433, PJA Vol. V, but retained modified and re-translated tables, *id.* at 19–21.  Commerce rejected the revised case brief in its entirety on the basis that it contained "untimely new factual information" and Commerce did not allow Zhengyang another opportunity to revise its brief given the impending deadline for issuance of the final results.  Request for Removal of Untimely New Factual Information (May 21, 2018) ("2nd Rejection Mem."), PR 435, PJA Vol. V.  No other

interested party filed an affirmative case brief on the AR22 record.  *See* Issues and

Decision Mem., A-570-831 (June 8, 2018) ("I&D Mem.") at 4 n.15, ECF No. 24-3

(declining to consider rebuttal arguments placed on the AR22 record because the AR22

record lacked "affirmative arguments . . . concerning surrogate values").

Commerce issued its *Final Results* on June 15, 2018.  Commerce affirmed its

preliminary decision to rescind Harmoni's review and made no changes to Zhengyang's

margin.  *Final Results*, 83 Fed. Reg. at 27,949–50.  Commerce continued to select

Romania as the primary surrogate country and Romanian data as the surrogate value

for the respondents' garlic bulbs.  I&D Mem. at 34, 40–42.  Because Commerce had

rejected Zhengyang's case brief, Commerce analyzed arguments submitted in

affirmative and rebuttal briefs on the record of the new shipper review—not the

administrative review—in connection with its selection of a primary surrogate country

and surrogate values.  *See id*. at 34–42.[9]  This appeal followed.  *See* Summons.

---

[9] Yudi, one of the respondents in the new shipper review, challenged Commerce's
surrogate country and surrogate value selections.  I&D Mem. at 34–35, 38–39.
Commerce found that "fresh garlic produced in Romania is more physically similar than
the garlic produced in Mexico, to the subject merchandise, garlic produced in China."
*Id*. at 37.  Commerce further found that wholesale Romanian NISR data are
representative of the prices paid by Yudi because "Yudi purchases its garlic in the latter
part of the POR" and Yudi's price includes further processing, such as cold storage or
costs associated with controlled atmosphere facilities.  *Id*. at 41.  Commerce rejected
Yudi's arguments that the Romanian NISR data are tainted by tariff quotas imposed by
the European Union or the smuggling of garlic into Romania.  *Id*. at 42.  Although Yudi
commenced an action challenging Commerce's determination in the new shipper
review, shortly thereafter, Yudi voluntarily dismissed the action.  *See Zhengzhou Yudi
Shengjin Agricultural Trade Co., Ltd. v. United States, et al*., Court No. 18-cv-00158
(USCIT July 25, 2018).  The agency record currently before the court pertains solely to
the administrative review.  *See* Decl. of Alexander Cipolla, ECF No. 24-1 (averring that

JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii)(2012),[10] and 28 U.S.C. § 1581(c). The court will uphold an agency determination that is supported by substantial evidence and otherwise in accordance with law.  19 U.S.C. § 1516a(b)(1)(B)(i).

DISCUSSION

I.     **Commerce's Rejection of Zhengyang's Case Brief is Sustained**

Zhengyang challenges Commerce's rejection of its revised case brief in its entirety as arbitrary, capricious, and an abuse of discretion.  Zhengyang's Mem. at 45–47; Zhengyang's Reply at 4–6.  However, Commerce's determination that Zhengyang's revised case brief contained untimely new factual information on pages 19 through 21 is supported by substantial evidence; thus, Commerce acted within its discretion when it rejected the case brief.

The burden of creating an adequate record before Commerce lies with interested parties.  *QVD Food Co. v. United States*, 658 F.3d 1318, 1324 (Fed. Cir. 2011). Compiling an adequate record requires interested parties to submit English translations of documents written in a foreign language within the timeframe allowed for the submission of factual information.  19 C.F.R. § 351.301(c)(3)(ii) (setting the deadline for

---

all documents pertaining to "the *administrative review* of the antidumping duty order on fresh garlic from [China]" are contained in the administrative record submitted to the court) (emphasis added).

[10] All citations to the Tariff Act of 1930, as amended, are to Title 19 of the U.S. Code, and references to the U.S. Code are to the 2012 edition, unless otherwise stated.

the submission of factual information to value a respondent's factors of production); *id.*

§ 351.303(e) (requiring translations).  Filing an administrative case brief affords

interested parties an opportunity to present relevant arguments but is not an opportunity

to correct factual information for Commerce's renewed consideration.  *See id.*

§§ 351.309(c)(2), 351.302(d)(1)(i).  Substantial record evidence demonstrates that

Zhengyang failed to provide legible translations of its surrogate value information before

the deadline for submission of factual information and instead attempted to make an

untimely submission of factual information "in the form of modified, re-translated, or

reorganized exhibits and tables" in its revised administrative case brief.  2nd Rejection

Mem.[11]

On page 19 of its revised case brief, Zhengyang presented a table of garlic size

specifications.  Rev. Case Br. at 19.  The table is not contained in Zhengyang's factual

submissions in the form submitted in the revised case brief; rather, Zhengyang appears

to have placed the English headings originally appended to the translated (but

unformatted) version on the original, formatted Spanish version.  *Compare id.*, *with*

Zhengyang's SC/SV Cmts., Ex. SV-6 (ECF No. 63 at ECF pp. 205 (Spanish), 221

(English)).  Page 20 of the revised case brief contains two tables, the second of which

Zhengyang altered by inserting the English headings in place of the Spanish

---

[11] In accordance with Commerce's regulation governing the composition of the administrative record, Commerce retained a copy of the rejected case brief on the record "for purposes of establishing and documenting the basis for rejecting the document."  19 C.F.R. § 351.104(a)(2)(ii)(A).

counterparts.[12]  *Compare* Rev. Case Br. at 20, *with* Zhengyang's SC/SV Cmts., Ex. SV-6 (ECF No. 62 at ECF pp. 580 (Spanish), 591 (English)).  Page 21 contains one table and one bar graph.  Rev. Case Br. at 21.  Regarding the table, Zhengyang altered the formatted Spanish version to include English headings and added new English translations of the Spanish garlic categories for both bulbs and bulbils.  *Compare id.*, *with* Zhengyang's SC/SV Cmts., Ex. SV-6 (ECF No. 62 at ECF pp. 600 (Spanish), 609 (English)).  Regarding the bar graph, Zhengyang replaced the Spanish label with an English label that does not appear in the English version of the source article, which instead contains an illegible jumble of letters where the label (and bar graph) should be. *Compare* Rev. Case Br. at 21, *with* Zhengyang's SC/SV Cmts., Ex. SV-6 (ECF No. 62 at ECF pp. 621 (Spanish), 632 (English)).

Zhengyang cites no authority specifically supporting its argument that Commerce should have excised or otherwise disregarded the offending portions of the revised case brief and accepted the remaining parts.  *See* Zhengyang's Mem. at 46 (citing cases discussing the substantial evidence standard generally).  As the Government points out, Gov't Resp. at 25 n. 12, Commerce provided Zhengyang an opportunity to correct its first case brief, 1st Rejection Mem., and Zhengyang failed to do so.  Accordingly, Commerce was within its discretion to reject Zhengyang's revised case brief in its entirety.  *See* 19 C.F.R. § 351.302(d)(1)(i).

---

[12] Regarding the first table, Zhengyang omitted the title of the table indicating that the garlic classifications listed therein pertain solely to the "Tacatzcaro" garlic variety and not Mexican garlic generally.  *Compare* Rev. Case Br. at 20, *with* Zhengyang's SC/SV Cmts., Ex. SV-6 (ECF No. 62 at ECF p. 569).

## II.    Zhengyang Failed to Exhaust Its Administrative Remedies

The court next addresses whether Commerce's rejection of Zhengyang's case

brief means that Zhengyang failed to exhaust its administrative remedies with respect to

its arguments concerning surrogate country and surrogate value selection, and, if so,

whether any exception applies to excuse this failure.

"[T]he Court of International Trade shall, where appropriate, require

the exhaustion of administrative remedies."  28 U.S.C. § 2637(d).  While exhaustion is

not a jurisdictional requirement, *Weishan Hongda Aquatic Food Co. v. United States*,

917 F.3d 1353, 1363–64 (Fed. Cir. 2019), the statute "indicates a congressional intent

that, absent a *strong* contrary reason, the [USCIT] should insist that parties exhaust

their remedies before the pertinent administrative agencies," *id.* at 1362 (quoting

*Boomerang Tube LLC v. United States*, 856 F.3d 908, 912 (Fed. Cir. 2017)) (emphasis

added).  Administrative exhaustion generally requires a party to present all arguments in

its administrative case brief before raising those issues before this court.  *See* 19 C.F.R.

§ 351.309(c)–(d); *Zhongce Rubber Grp. Co. v. United States*, 42 CIT ___, ___, 352 F.

Supp. 3d 1276, 1280 (2018) (finding a failure to exhaust administrative remedies when

the plaintiff did not file an administrative case brief); *Home Prods. Int'l, Inc. v. United

States*, 36 CIT 33, 36, 810 F. Supp. 2d 1373, 1377 (2012) (same).  There are

exceptions to the exhaustion requirement, such as when "the record indicates that—

either as a result of other parties' arguments or the agency's decision-making process—

the agency in fact thoroughly considered the issue in question."  *Pakfood Public Co. v.

United States*, 34 CIT 1122, 1145, 724 F. Supp. 2d 1327, 1351 (2010) (citations

omitted); *see also Jacobi Carbons AB v. United States*, 42 CIT ___, ___, 313 F. Supp. 3d 1308, 1330–31 (2018).

The Government argues that exhaustion should be required because Commerce never considered competing arguments concerning surrogate country and surrogate value selection in light of evidence on the AR22 record.  Gov't's Suppl. Br. at 6–8. Instead, the Government contends, Commerce considered competing arguments in relation to evidence placed on the record of the new shipper review that was, at least in part, specific to Yudi's factors of production.  *Id.* at 6.  The Government also argues that permitting Zhengyang to litigate arguments contained in its stricken case brief would override "Commerce's enforcement prerogative" and "encourage misconduct."  *Id.* at 10.

The FGPA argues likewise that Commerce's selection of surrogate values "is necessarily company- and segment-specific" and Commerce did not address Zhengyang's arguments "in light of the specific factors reported by Zhengyang, or the company's specific production process."  FGPA's Suppl. Br. at 5.  Addressing Zhengyang's arguments, the FGPA argues, would place the court in the position of deciding certain issues before Commerce had the opportunity to do so.  *Id.* at 6.

Zhengyang argues that Commerce erred in rejecting its case brief and, thus, "exhaustion of the remedies is not an issue to be addressed."  Zhengyang's Suppl. Br. at 3.[13]

---

[13] Zhengyang's failure to present substantive arguments on this issue means that it has impliedly waived its right to contest this issue.  *See, e.g., United States v. Great Am. Ins. Co. of New York*, 738 F.3d 1320, 1328 (Fed. Cir. 2013) ("It is well established that

The court has no trouble concluding that Commerce's rejection of Zhengyang's case brief means that Zhengyang failed to exhaust its administrative remedies with respect to its arguments concerning surrogate country and surrogate value selection and is thereby precluded from presenting those arguments to the court.  *See Zhongce Rubber*, 352 F. Supp. 3d at 1280; *Home Prods. Int'l*, 36 CIT at 36, 810 F. Supp. 2d at 1377.  The doctrine of administrative exhaustion serves the twin purposes of "protecting administrative agency authority and promoting judicial efficiency."  *Corus Staal BV v. United States*, 502 F.3d 1370, 1379 (Fed. Cir. 2007) (quoting *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992)).  Zhengyang's failure to submit a compliant case brief to Commerce and obtain an agency decision on the merits of its arguments has left the court without a decision to review.  It is not the court's role to consider Zhengyang's arguments based on AR22 record evidence in the first instance—that is Commerce's province.  *See Boomerang Tube*, 856 F.3d at 913 (holding that "an argument [that] was not exhausted before Commerce [] should not have been considered by the Trade Court").

Commerce's consideration of the issues of surrogate country and surrogate value selection based on arguments and evidence on the record of the new shipper review does not excuse Zhengyang's failure to exhaust its administrative remedies.  "An administrative review and new shipper review are separate and independent segments of a proceeding," *Weishan Hongda*, 917 F.3d at 1361 (citations omitted), with separate

arguments that are not appropriately developed in a party's briefing may be deemed waived.").  Nevertheless, the court considers the issue in full.

administrative records, *Cerro Flow Prods., LLC v. United States*, Slip Op. 14-84, 2014

WL 3539386, at *6 (CIT July 18, 2014).  Simply put, the evidentiary record before the

court is not the record that was considered by Commerce when it rendered its decisions

on surrogate country and surrogate value selection in response to arguments made by

Yudi in the new shipper review.  I&D Mem. at 34–42; *see also* Prelim. Mem. at 21 &

n.128 (noting differences in the factors of production used by Zhengyang as compared

to Yudi).[14]  This fact distinguishes this case from others where the court has not

required administrative exhaustion on the basis that Commerce nevertheless

---

[14] Zhengyang argues that the AR22 record is incomplete "because it does not include *all submissions* made by [counsel for Zhengyang and Yudi] *on behalf of Yudi*, including its surrogate value comments, case brief and revised case brief, etc."  Zhengyang's Mem. at 10 (emphasis added).  According to Zhengyang, "the administrative record for [Zhengyang and Yudi] should be combined" so that if the court sustains Commerce's rejection of Zhengyang's case brief, Yudi's arguments may be "applied to Zhengyang." *Id.* at 47.

"Except in very limited circumstances, this court's review of Commerce's determination is limited to the record before it."  *Assoc. of Am. School Paper Suppliers v. United States*, 34 CIT 31, 33, 683 F. Supp. 2d 1317, 1320 (2010) (citing 19 U.S.C. § 1516a(b)(2)(A) (describing the contents of the record)); *see also* 19 U.S.C. § 1516a(b)(1)(B)(i) (providing for record review).  The rule is intended to prevent courts from conducting what would amount to a *de novo* review.  *Assoc. of Am. School Paper Suppliers*, 34 CIT at 34, 683 F. Supp. 2d at 1321 (citation omitted).  Supplementation may, however, be permitted "when at the time that supplementation of the record is sought, there is new, changed, or extraordinary information available that was not available during the investigation," or "when the party makes a strong showing of bad faith or improper behavior by agency decision makers." *Id.* at 36, 683 F. Supp. 2d at 1322–23 (citations omitted).  Zhengyang has not shown (or, for that matter, attempted to show) that any of the requirements for supplementation have been met.  Rather, Zhengyang's attempt to supplement the administrative record with documents placed on the record of the new shipper review "is tantamount to seeking *de novo* review through the back door."  *Beker Indus. v. United States*, 7 CIT 313, 317 (1984) (denying supplementation of the record with evidence submitted on the record of a separate administrative review of the same antidumping duty order).

considered an issue and supplied a judicially reviewable determination.  *Cf., e.g.*, *Jacobi Carbons AB*, 313 F. Supp. 3d at 1330–31 (declining to require exhaustion when the respondent presented arguments to Commerce regarding the agency's use of a 2010 financial statement to value financial ratios, Commerce addressed those arguments in relation to 2010 and 2011 financial statements, and the respondent subsequently appealed Commerce's use of the 2011 financial statement to the court).

The only way for the court to sensibly apply its standard of review to the merits of Zhengyang's arguments would be to remand the matter to the agency.  A remand, however, would undermine the interest in judicial efficiency that administrative exhaustion is intended to protect and nullify the court's conclusion that Commerce was within its discretion to reject Zhengyang's case brief.  *See Corus Staal BV*, 502 F.3d at 1379.  A remand, therefore, is inappropriate.

In sum, Commerce acted within its discretion when it rejected Zhengyang's revised case brief and did not consider it in the *Final Results* of AR22.  Accordingly, Zhengyang failed to exhaust its administrative remedies with respect to the arguments it seeks to present to the court and that failure is not excused.

### CONCLUSION

For the foregoing reasons, Zhengyang's motion for judgment on the agency

record is denied.  Judgment will enter accordingly.

/s/      Mark A. Barnett
Mark A. Barnett, Judge

Dated: February 11, 2020
New York, New York